UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| NEXT LEVEL HOSPITALITY LLC DBA MOTEL 6 | : | CIVIL ACTION NO. |
|---|---|---|
| | : | |
| VERSUS | : | JUDGE |
| | : | |
| INDEPENDENT SPECIALTY INSURANCE COMPANY | : | MAGISTRATE JUDGE |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, NEXT LEVEL HOSPITALITY LLC DBA MOTEL 6, who respectfully submits this Complaint for Damages against defendant, INDEPENDENT SPECIALTY INSURANCE COMPANY, ("Defendant"), and further respectfully avers as follows:

## PARTIES

**1.**

Plaintiff, NEXT LEVEL HOSPITALITY LLC DBA MOTEL 6 ("Plaintiff"), is a Louisiana Limited Liability Company, organized under the laws of the State of Louisiana, who is authorized to do and is doing business in the State of Louisiana.

**2.**

Made Defendant herein is INDEPENDENT SPECIALTY INSURANCE COMPANY, a foreign insurance company, which may be served through its registered agent for service of

1.

process, the Louisiana Secretary of State, located at 8585 Archives Avenue, Baton Rouge, Louisiana, 70809.

## VENUE AND JURISDICTION

3.

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the Plaintiff and Defendant and because the amount in controversy is greater than the minimum jurisdictional amount.

4.

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; and the Property that is subject to the instant dispute is located in this judicial district.

## FACTUAL BACKGROUND

5.

At all times relevant hereto, Plaintiff owned the commercial property located at 1103 W. Prien Lake Road Lake Charles, LA 70601 (hereinafter referred to as "Insured Premises").

6.

At all times relevant hereto, Defendant provided Plaintiff a policy of insurance, bearing policy number VVX-CU-707331-01 (hereafter the "Policy") which covered the Insured Premises against loss and damage caused by, among other perils, wind, hail, and water. The Policy was in full force and effect at the time of the covered loss events that are the subject of the instant lawsuit.

7.

On the evening of August 26, 2020, and into the early morning hours of August 27, 2020, Hurricane Laura made landfall near Cameron, Louisiana, as a Category 4 hurricane with sustained winds of 150 miles per hour. After making landfall, Hurricane Laura traveled north and directly hit Lake Charles, Louisiana, with sustained winds of nearly 100 miles per hour and gusts over 130 miles per hour.

8.

Only weeks later, on October 9, 2020, while the Policy was in full force and effect, the Insured Premises sustained additional damage because of Hurricane Delta, a category two hurricane, with winds of up to 100 mph.

9.

Devastating winds, wind-driven rain, and a life-threatening storm surge caused unimaginable damage as both hurricanes passed through Southwest Louisiana.

10.

Hurricanes Laura and Delta resulted in extensive damage and destruction throughout the Lake Charles and Southwest Louisiana areas, including destroying the power grid and devastating damage to thousands of structures.

11.

Hurricanes Laura and Delta caused substantial amounts of damage to the Insured Premises' exterior, interior, and roof, allowing water to infiltrate the interior as a direct result of that damage and otherwise caused significant damage to and throughout the building, as well as to the structure

of the building. The storms also caused significant damage to Plaintiff's business personal property located at the Insured Premises.

**12.**

In compliance with the Policy, Plaintiff timely provided notice of the loss events to Defendant and took reasonable steps to mitigate the damage caused by the loss events as soon as reasonably possible.

**13.**

The mandatory evacuation orders put in place in response to Hurricanes Laura and Delta caused an interruption in Plaintiff's business operations.

**14.**

The damage to the Insured Premises caused by the loss events has caused significant business interruption, particularly given the nature of Plaintiff's business operations.

**15.**

The interruption of Plaintiff's business operations has resulted in significant loss of business income and extra expense, which losses and expenses will continue to increase until such time that the repairs are completed, and the business becomes fully operational. Plaintiff, however, cannot complete the repairs and become fully operational until Defendant honors its obligations and pays Plaintiff the amounts owed under the Policy as a result of the covered loss events.

**16.**

Upon notification of the loss events, Defendant performed an initial inspection of the loss and damage to the Insured Premises. Thereafter, Defendant, together with its loss consultants,

inspected the Insured Premises on several occasions, and provided one or more loss estimates on the claim.

**17.**

Plaintiff, in compliance with the terms of the Policy, cooperated with Defendant and its consultants and made the Insured Premises available for inspection at all times. Defendant, directly and/or through its loss consultants and adjusters, had ample opportunity to investigate and inspect the damage to the Insured Premises.

**18.**

The payments made by Defendant to date are inadequate to cover the cost of repairs caused by Hurricanes Laura and Delta. Defendant's delays in paying the amounts due under the Policy have delayed Plaintiff from becoming fully operational.

**19.**

As a result of Defendant's delays and failure to pay the amounts due under the Policy, Plaintiff has had to retain undersigned counsel to bring the claims to a conclusion and final resolution.

**20.**

Defendant failed to pay the amount due to Plaintiff in connection with the subject claims within thirty (30) days after receipt of satisfactory proof of loss, and also failed to make a written offer to settle Plaintiff's property damage claims within thirty (30) days after receipt of satisfactory proof of loss of the claims.

**21.**

Defendant has been in possession of sufficient documentation to fully apprise itself of the actual loss and damage to the Property as a result of Hurricane Laura and Hurricane Delta. Defendant failed to pay Plaintiff the actual amount of the loss due under the Policy despite having satisfactory proof of loss for more than sixty (60) days.

**22.**

Defendant breached its affirmative duties under LSA-R.S. § 22:1892 and § 22:1973 as a result of its failure to timely and reasonably adjust the subject losses.

**23.**

Despite Defendant's ongoing breaches and failure to timely pay the loss amounts due under the Policy, Plaintiff has continued to work with Defendant and its consultants to ensure compliance with Plaintiff's duties under the Policy.

**24.**

Defendant's failure to timely pay benefits owed under the Policy has placed the Insured Premises at risk.

**25.**

Defendant has unjustifiably failed and/or refused to perform its obligations under the Policy and have wrongfully or unfairly limited payment on the Plaintiff's claims.

**26.**

As a result of the damage to the Insured Premises caused by Hurricanes Laura and Delta, Plaintiff has sustained significant business losses and has incurred additional extra expenses.

27.

Because of Defendant's failure to timely compensate Plaintiff for losses that are clearly covered and owed under the Policy, Plaintiff has and will continue to sustain and/or incur additional business losses and extra expenses, including increased costs of construction.

28.

But for Defendant's wrongful conduct, Plaintiff could have completed repairs and resumed its business operations well prior to the date that the repairs are ultimately completed.

29.

As a result of Defendant's bad faith conduct in connection with their adjustment of these claims, Plaintiff has incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to timely pay adequate amounts owed under the Policy in connection with Plaintiff's claims.

30.

Defendant's acts and omissions in failing to pay Plaintiff the actual amounts owed under the Policy within sixty (60) days of receiving satisfactory proof of loss is arbitrary, capricious, or without, probable cause, and Defendant is in breach of its affirmative duties of good faith and fair dealing.

31.

As a result of Defendant's failure and delays to timely adjust and pay the loss amounts due under the Policy in response to the damage caused by Hurricanes Laura and Delta, Plaintiff has and/or will continue to sustain additional loss and damage and will continue to incur additional costs and expense at increased prices in connection with its completion of the repairs.

## CAUSES OF ACTION

**A. Breach of Insurance Contract**

**32.**

Plaintiff realleges and re-avers the allegations contained in the preceding paragraphs above, as if restated herein.

**33.**

The Policy is an insurance contract between Plaintiff and Defendant that provides coverage for the losses resulting from Hurricanes Laura and Delta.

**34.**

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds that are owed to Plaintiff under the Policy.

**35.**

Upon information and belief, Defendant has breached the insurance contract by, among other things:

(i) purposely and/or negligently failing to timely tender undisputed insurance proceeds;

(ii) purposely and/or negligently misrepresenting to Plaintiff the terms and conditions of the relevant Policy;

(iii) conducting the investigation and claims handling in bad faith;

(iv) manipulating their pricing software to artificially suppress the cost of repairs below market value; and/or

(v) failing to adequately compensate Plaintiff for the damages to the Insured Premises, as required by the Policy.

**36.**

Plaintiff has suffered and will continue to suffer damages as a result of Defendant's breaches of the insurance contract.

**B. Bad Faith Damages for Violations of LSA-R.S. §22:1892 and §22:1973.**

**37.**

Plaintiff realleges and re-avers the allegations contained in the preceding paragraphs, above, as if restated herein.

**38.**

Pursuant to Louisiana Revised Statute 22:1892, Defendant was required to unconditionally tender payment to Plaintiff for reasonably undisputed losses caused by Hurricane Laura and Hurricane Delta within thirty (30) days of Defendant's receipt of satisfactory proof of loss when its adjusters inspected the Insured Premises. Defendant failed to do so.

**39.**

La. R.S. § 22:1892 further required Defendant to re-evaluate Plaintiff's claims and to tender additional unconditional payments to Plaintiff each time Defendant received additional information concerning the losses sustained by Plaintiff. Defendant failed to do so.

**40.**

Defendant's failure to pay adequate amounts timely in this matter was arbitrary, capricious, and without probable cause.

**41.**

Pursuant to La. R.S. § 22:1892, Defendant is liable to Plaintiff for a penalty equal to fifty percent (50%), in addition to the amount of the loss, on the amount due from Defendant, as well

as reasonable attorney's fees and costs, for Defendant's failure to unconditionally tender the amounts owed to Plaintiff within thirty (30) days after receipt of satisfactory proof of loss.

**42.**

Pursuant to La. R.S. § 22:1973, Defendant is additionally liable to Plaintiff for actual damages, for Defendant's misrepresentations of pertinent facts concerning the amounts owed, coverages, and provisions under the Policy, as well as for failing to unconditionally tender the amounts owed to Plaintiff within sixty (60) days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

**43.**

Pursuant to La. R.S. § 22:1973, in addition to actual damages for its breaches of the statute, Defendant is also liable to Plaintiff for a penalty of the up to two times the actual damages Plaintiff sustained or five thousand dollars, whichever is greater.

**DAMAGES**

**44.**

As a result of the actions of Defendant, Plaintiff has suffered the following nonexclusive list of past, present, and future damages, in amounts reasonable in the premises:

    a.    Damage to the building and other structures located at the Insured Premises;

    b.    Mitigation, remediation and repair costs;

    c.    Diminution in value;

    d.    Lost and/or damaged personal property;

    e.    Loss and damage due to delays and / or inability to make appropriate repairs as a result of inadequate insurance payments;

    f.    Business loss and extra expenses;

  g. Loss of economic opportunities;

  h. Any and all other applicable damages covered under any of the applicable coverages afforded under the Policy's sub-coverage limits, including but not limited to demolition, debris removal, increased cost of construction;

  i. Any and all other consequential damages caused by Defendant's breaches;

  j. Attorney's fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendant's breaches; and

  k. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## REQUEST FOR RELIEF

**46.**

**WHEREFORE**, Plaintiff, Next Level Hospitality LLC DBA Motel 6, prays that, after due proceedings, there be a judgment rendered herein in Plaintiff's favor and against Defendant, INDEPENDENT SPECIALTY INSURANCE COMPANY, for the full amounts due under the terms of the coverages provided by Defendant's insurance Policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Plaintiff in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate.

                      **Respectfully submitted,**

                      **ROBICHAUX, MIZE, WADSACK,**
                      **RICHARDSON & WATSON, LLC**

**Date:**  December 9, 2021       **BY:**  /s/ Matthew M. Mize
                                                     **MATTHEW M. MIZE**, La. Bar No. 33993
                                                     **MATTHEW B. PETTAWAY**, La. Bar No. 33313
                                                     1777 Ryan Street (70601)
                                                   P. O. Box 2065
                                                   Lake Charles, LA 70602
                                                   Telephone:   (337) 433-0234
                                                   Fax:             (337) 433-8595
                                                   Email:        mbp@rmwlegal.com
                                                                        mmm@rmwlegal.com

                      and

                      **PANDIT LAW FIRM, LLC**

                      **RAJAN PANDIT**, Bar No.32215
                      **JOHN MARK FEZIO**, Bar No. 29861
                      **JESSIE B. CALLAHAN**, Bar No. 38153
                      701 Poydras Street, Suite 3950
                      New Orleans, LA 70139
                      Telephone:   (504) 313-3800
                      Facsimile:    (504) 313-3820
                      Email:        rpandit@panditlaw.com
                                       jfezio@panditlaw.com
                                       jcallahan@panditlaw.com

                      *Counsel for Plaintiff*

13.

**PLEASE SERVE:**

**INDEPENDENT SPECIALTY INSURANCE COMPANY**
*Through its agent for Service of Process*:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809