UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**NEXT LEVEL HOSPITALITY L L C**         **CASE NO.  2:21-CV-04240**

**VERSUS**                                **JUDGE JAMES D. CAIN, JR.**

**INDEPENDENT SPECIALTY**                 **MAGISTRATE JUDGE KAY**
**INSURANCE CO**

## MEMORANDUM ORDER

Before the Court is "Defendant Independent Specialty Insurance Company's Motion to Strike Multiple Counts of Plaintiff's Complaint" (Doc. 15). Independent Specialty Insurance Company ("Independent") moves to dismiss paragraphs 13–15, 15, 26, 27, and 44(f) and (g) of Plaintiff's Complaint for Damages. Independent maintains that these paragraphs are redundant, immaterial, impertinent, and/or scandalous allegations that should be stricken from the pleading because the policy in effect did not afford coverage for loss of business income.

## BACKGROUND

Plaintiff, Next Level Hospitality, LLC, ("Next Level") owns a restaurant building in Lake Charles, Louisiana that was damaged due to Hurricanes Laura and Delta. Independent insured the property during the relevant time period. Next Level alleges that Independent failed to timely pay the full amount of the covered losses in accordance with its obligations under the policy and applicable law. Next Level also alleges that due to the failures and delay in payments, it was unable to resume its business operations and therefore Independent is subject to consequential damages pursuant to Louisiana Revised

Statute 22:1973. In other words, Next Level is seeking to recover all consequential damages that it sustained as a result of Independent's alleged bad faith adjustment of Next Level's claims, including additional damages in the form of lost rents and/or other lost business opportunities that Next level could have generated following the storms but for Independent's failure to timely adjust and pay the losses due to Next Level's obligations under the Policy.

## LAW AND ANALYSIS

Motions to strike are disfavored because they are often a "dilatory or harassing tactic." *Sanders v. Nexion Health at Minden, Inc.*, 2018 WL 4265256, at *2 (W.D. La. 9/6/2018) (*citing* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380 (3d ed.) and *Augustus v. Bd. Of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)). A motion to strike is appropriate only if a part of a pleading "has no possible relation to the controversy." *Id.* A motion to strike should be used "sparingly" because it is a "drastic remedy to be resorted to only when required for the purposes of justice." *K&F Restaurant Holdings, Ltd. v. Rouse*, 2018 WL 3345294, at *3 (M.D. La. 7/9/2018).

Independent argues that the policy that insured Next Level's property did not provide business income loss, therefore, any allegations asserting such a claim should be stricken. Next Level argues that Louisiana Revised Statute 22:1973 provides support for its consequential damages. Next Level maintains that because Independent failed to timely pay the full amount of Next Level's covered losses, it sustained additional extracontractual damages because of that delay—specifically, business income losses and extra expenses. Next Level asserts that it is entitled to present evidence of any additional damages caused

by Independent's failure to timely adjust and pay Next Level's claims in good faith. Thus, Next Level posits that Independent has no basis to strike the allegations in ¶¶ 13–15, 15, 26, 27, and 44(f) and (g) of Plaintiff's Complaint for Damages.

As noted by Next Level, its claims are a matter of fact and law and should not be determined pursuant to a motion to strike. Moreover, a Rule 12(f) motion is also not a vehicle to circumvent Rule 12(b)(6)'s standards for evaluating a plaintiff's allegations, and making a pre-trial, pre-discovery resolution of disputed facts. *Id.* at *4. Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant Independent Specialty Insurance Company's Motion to Strike Multiple Counts of Plaintiff's Complaint (Doc. 15) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers this 22nd day of April, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**