UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| NEXT LEVEL HOSPITALITY, LLC | : | CASE NO. 2:21-CV-04240-JDC - KK |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | DISTRICT JUDGE |
| v. | : | JAMES D. CAIN, JR. |
| | : | |
| INDEPENDENT SPECIALTY | : | MAGISTRATE JUDGE |
| INSURANCE COMPANY, | : | KATHLEEN KAY |
| | : | |
| Defendant. | : | |
| | : | |
| _____/ | | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**

Defendant Independent Specialty Insurance Company, by and through its undersigned counsel, respectfully submits this Memorandum in Support of Motion to Compel Arbitration of Plaintiff's Claims and Stay Litigation Pending Arbitration. First, Plaintiff's claims are subject to mandatory arbitration based on the arbitration agreement contained within the insurance policy at issue, VVX-CU-707331-01 (the "Policy"), said Policy being a surplus lines policy, and such arbitration clause being the defined means of resolving all matters in dispute between the parties. Second, Louisiana State Statute R.S. § 22:868 exempts surplus lines policies from the prohibitions of Paragraph "A" of this statute. Surplus lines policies are not prohibited from including, and Louisiana Courts are not prevented from enforcing, arbitration clauses. Finally, Plaintiff has negotiated a contract of insurance whereby it committed to arbitration of all claims, and Plaintiff cannot attempt to write the Arbitration Clause out of the Policy or renege on

its contractually bound promise. Accordingly, this Court should order all parties to arbitrate all claims and stay this litigation.

## FACTUAL SUMMARY

This litigation arises from alleged damage to Plaintiff Next Level Hospitality's (hereinafter "Next Level") property as a result of Hurricanes Laura and Delta. The Policy is between Next Level and Defendant Independent Specialty Insurance Company (hereinafter "ISIC"). Next Level initiated litigation in this Honorable Court claiming entitlement to additional compensation for its Hurricane Laura and Hurricane Delta-related losses under the Policy. Although litigation of this suit is pending in the present Court, Defendant submits that it is entitled to enforce the valid arbitration clause contained within the Policy. The relevant section of the Policy containing the arbitration clause reads as follows:

**4. Arbitration Clause**

> All matters in dispute between you and us (referred to in this policy as "the parties") in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below.
>
> Unless the parties agree upon a single disinterested or impartial Arbitrator within thirty (30) days of one party receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his or her disinterested or impartial Arbitrator and give written notice to the Respondent (the party receiving notice of Arbitration). Within thirty (30) days of receiving such notice from the Claimant, the Respondent shall appoint his or her Arbitrator and give written notice to the Claimant
>
> If the two Arbitrators fail to agree on the selection of the disinterested or impartial umpire within thirty (30) days of the appointment of the second named Arbitrator, each Arbitrator shall submit to the other a list of three Umpire candidates, each Arbitrator shall select one name from the list submitted by the other and the Umpire shall be selected from the two names chosen by a lot drawing procedure to be agreed upon by the Arbitrators. Unless the

> parties otherwise agree, the Arbitration Tribunal shall consist of disinterested or impartial persons presently or formerly employed or engaged in a senior position in insurance underwriting or claims.
>
> The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders which it may consider proper in the circumstances of the case, regarding pleadings, discovery, inspection of documents, examination of witnesses and any other matter relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall think fit.
>
> All costs of the Arbitration shall be in the discretion of the Arbitration Tribunal who may direct to, and by whom, and in what manner they shall be paid.
>
> Any Arbitration hearing shall take place in Nashville, Tennessee, unless some other locale is agreed by the Arbitrator or Arbitration Tribunal.
>
> The Arbitration Tribunal may not award exemplary, punitive, multiple or other damages of a similar nature.
>
> The award of the Arbitration Tribunal shall be in writing and binding. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

*See Exhibit A – Certified Copy of Policy, Pages 33*

The Policy also contains a Settlement of Claims Clause, which provides that the amount of loss, if disputed, is to be determined by arbitration:

> \*\*\*
>
> **12.   Settlement of Claims**
>
> > The amount of loss under this policy shall be payable within thirty (30) days after valid proof of loss is received, accepted and ascertainment of the amount of loss is made either by agreement with you or an amount is determined by binding Arbitration in accordance with the provisions of this policy.

> We shall have the option to take all or part of the property at the agreed or arbitrated value or to repair, rebuild or replace the property physically lost or damaged with other of like kind and quality, within a reasonable time, on giving notice of its intention to do so within sixty (60) days after receipt of the proof of loss required.

\*\*\*

*See Exhibit A. Page 35.*

## LAW AND ARGUMENT

### 1. THIS COURT HAS THE AUTHORITY TO COMPEL ARBITRATION AND STAY THE LITIGATION

An arbitration clause contained in an insurance policy constitutes an enforceable written agreement to arbitrate. *McDonnel Grp., L.L.C. v. Great Lakes Ins. Se,* 923 F.3d 427, 432 n. 8 (5th Cir. 2019); *Sphere Drake Ins. PLC v. Marine Towing,* 16 F.3d 666, 670 (5th Cir. 1994). The parties have already agreed to an expeditious alternative dispute resolution procedure, namely arbitration. The Policy and the Arbitration Clause therein is a written agreement to arbitrate all matters in difference in relation to the coverages under the Policy and is binding and enforceable against all parties.

Louisiana Courts have recognized that courts must give effect to policy wording and policy provisions. *Turbo Trucking Co. v. Those Underwriters at Lloyd's London,* 776 F.2d 527, 529 (5th Cir. 1985)("The court should eschew any interpretation of a policy which would render meaningless a policy provision."). As the Policy states, all disputes must be submitted to Arbitration. This language cannot be read any other way. The Court must apply the language of the policy as written.

Plaintiff has not maintained that the Policy's agreement to arbitrate provision is either invalid or unenforceable in its Complaint. Plaintiff and Defendant negotiated a contract of insurance, whereby it was agreed that should a dispute arise between both parties, Plaintiff and

4

Defendant would be committed to the arbitration of all claims. Both parties relied upon the promise to arbitrate in entering into the contract of insurance, and Defendant should be able to argue that estoppel should apply should Plaintiff refuse to arbitrate this matter or any matters in dispute related to this claim for benefits.

When this Court orders the parties to arbitration, the pending litigation must be stayed. *See* 9 U.S.C.S. § 3. As 9 U.S.C.S. § 3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

*Id.* at 9 U.S.C.S. § 3.

For these reasons, Defendant is entitled to enforce the Policy's Arbitration Clause.

2. **THE DELEGATION CLAUSE OF THE ARBITRATION AGREEMENT REQUIRES THAT ALL MATTERS OF DISPUTE BE RESERVED FOR THE ARBITRATION PANEL**

The Policy's Arbitration Clause contains a broad delegation clause requiring that an Arbitration Panel, and not the Court, resolve all questions regarding whether specific issues fall within the scope of the Arbitration Clause. The delegation clause provides:

> All matters in dispute between you and us (referred to in this policy as "the parties") in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below.

"Delegation clauses are enforceable and transfer the court's power to decide arbitrability questions to the arbitrator. Thus, a valid delegation clause requires the court to refer a claim to

5

arbitration to allow the arbitrator to decide gateway arbitrability issues." *Kubala v. Supreme Prod. Servs.*, 830 F.3d 199, 202 (5th Cir. 2016) (*citing Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69, 130 S. Ct. 2772, 177 L. Ed. 2d 403 (2010)). If an arbitration agreement contains a delegation clause, "the motion to compel arbitration should be granted in almost all cases." *Kubala v. Supreme Prod. Servs.*, 830 F.3d 199, 202 (5th Cir. 2016). *See also Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 531 (2019)("When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract.")

The delegation clause in question is broad, encompassing "all matters in difference." *See Figear, LLC v. Velo City Risk Underwriters Claims, Indep. Specialty Ins. Co. Nat'l. Registered Agents,* No. 22-cv-01094, 2022 U.S. Dist. LEXIS 127122 at *7 (E.D. La. July 18, 2022). By drafting a broad arbitration clause, the parties have created a "presumption of arbitrability;" *Halliburton Energy Servs., v. Ironshore Specialty Insurance Co*, 921 F.3d 522, 538 (5th Cir. 2019). The delegation clause includes all disputes, contractual, statutory, and otherwise. ("Thus, the delegation clause, in this case, refers all disputes, including Plaintiff's bad faith claims, to arbitration."); *Georgetown Home Owners Ass'n. v. Certain Underwriters at Lloyd's*, No. 20-102-JWD-SDJ, 2021 U.S. Dist. LEXIS 20042, at 39 (M.D. La. February 2, 2021). *See also Woodward Design + Build, LLC v. Certain Underwriters at Lloyd's London,* No. 19-14017, 2020 U.S. Dist. LEXIS 178799 at 11 (E.D. La. September 29, 2020), and *Tra-Dor Inc. v. Underwriters at Lloyds London*, No. 2:21-CV-02997, 2022 U.S. Dist. LEXIS 143629 (W.D. La. July 25, 2022) and *STMB Props., LLC v. Certain Underwriters at Lloyd's London,* No. 22-2229, 2022 U.S. Dist. LEXIS 156895 (E.D. La. August 31, 2022) (recognizing the delegation of "issues relative to the determination of whether penalties and fees are warranted pursuant to Louisiana law to the Arbitration Tribunal").

The allegations Plaintiff asserts in its Complaint arise from the Policy, and all claims under said contract are, therefore, arbitrable and should be submitted to arbitration. Plaintiff and Defendant have delegated all authority to resolve their disputes to the Arbitration Tribunal. The Defendant is therefore entitled to the arbitration of all claims and disputes as stated in the Policy.

In a similar case involving a <u>surplus lines insurer</u> and a <u>surplus lines policy</u>, with a substantially identical Arbitration clause, the Eastern District Court of Louisiana in *Certain Underwriters at Lloyd's v. Belmont Commons L.L.C.,* No. 2:22-cv-3874, 2023 U.S. Dist. LEXIS 1521 (E.D. La. January 3, 2023), compelled arbitration of a Hurricane Ida claim even though the Plaintiff attempted to avoid the policy's arbitration provision. In *Belmont*, the insured filed suit against its insurers in Louisiana State Court, claiming they improperly adjusted its claim for Hurricane Ida-related damages to several commercial properties it owned in the city of New Orleans. The policy's arbitration clause in *Belmont* required that all parties arbitrate disputes in New York and apply New York law.

In the *Belmont* case, the insurers filed a separate action in this Court to compel arbitration of the plaintiff's claims under the policy's arbitration provision. The Court agreed with the insurers and ruled that the insured was bound to arbitrate the matter with the surplus line carriers. The court further ruled that not requiring arbitration would render the arbitration clause meaningless. Concerning the exception for surplus line carriers and the insured's duty to arbitrate, the Court specifically noted that "[t]he policy forms of surplus line insurers are not subject to approval by the Department of Insurance. La. R.S. § 22:446(A). The insurers, in this case, are surplus line insurers. Therefore La. R.S. § 22:868(A)(1) and (2) do not apply to the instant policy…" *Id* at 10.

Louisiana courts have continued to follow the legal precedents set in *Belmont.* Even more recently in *Acad. of the Sacred Heart of New Orleans v. Certain Underwriters at Lloyd's London,*

7

No. 22-4401, 2023 U.S. Dist. LEXIS 8306 (E.D. La. Jan. 18, 2023), the Court followed the earlier ruling in *Belmont*, and ordered the Plaintiff to submit its action involving policy benefits to arbitration and a stay of legal proceedings. The case involved a commercial property insurance claim of properties damaged by Hurricane Ida. The properties were insured under a surplus lines policy, and the Plaintiff filed suit alleging breach of contract, failure to make appropriate payments and a breach of the duty of good faith and fair dealing. The policy at issue in *Sacred Heart* had an arbitration provision very similar to the one our instant action, and in reviewing arbitration clause the Court found that the clause involved a valid, enforceable agreement that any dispute between the parties "must be arbitrated." *Id* at 9. Pursuant to 9 U.S.C.S. § 3, the Court also stayed litigation pending arbitration, ruling "when an issue subject to an arbitration clause is raised in federal court, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." *Id* at 16.

### 3. STATE LAW DOES NOT PREVENT THE ENFORCEMENT OF THE ARBITRATION CLAUSE.

Parties frequently argue that La. R.S. § 22:868 does not permit arbitration provisions in insurance policies that would "deprive Louisiana courts of jurisdiction or venue." The argument fails as La. R.S. § 22:868 does not apply to the instant Policy. Defendant, as a surplus lines carrier, is specifically exempted from the prohibitions of La. R.S. § 22:868 and permitted to enforce the Policy's arbitration clause. The Policy for this instant action is a surplus lines policy. (*See Exhibit "A" at p. 2).*

La. R.S. § 22:446 states that:

> **A.** The commissioner **shall not require surplus lines insurers to file or seek approval of their forms and** rates for property and casualty insurance except as provided in R.S. 22:1456(B)(2) relative to public carrier vehicles.

(emphasis added).

Paragraph "A" of La. R.S. § 22:868 prohibits using clauses that would deprive Louisiana courts of jurisdiction or venue.  This prohibition has been judicially interpreted to preclude the inclusion of arbitration clauses in insurance policies. *Courville v. Allied Prof'ls Ins. Co.,* 2016-1354 (La. App. 1 Cir 04/12/17), 218 So.3d 144, 148 ("compulsory arbitration provisions in insurance contracts are prohibited as a matter of public policy because they operate to deprive Louisiana courts of jurisdiction over actions against the insurer."). However, Paragraph "D" of that same statute specifically exempts surplus lines policies from the prohibitions of Paragraph A:

> D. The provisions of Subsection A of this Section shall not prohibit a forum or venue selection in a policy form that is not subject to approval by the Department of Insurance.

As recently ruled by the District Court *in Burk Holding Co. v. Mt. Hawley Ins. Co.*, 2023 U.S. Dist. LEXIS 6398, at *11-12 (E.D. La. 2023)(*citing* La. Sta. Ann. Sec. 22:868(D)) that surplus line carriers **are not subject to the requirements of La. R.S. § 22:868** when a Plaintiff seeks to invalidate a forum selection clause under La. R.S. § 22:868 22:868(A)(2) anti-arbitration statute. (emphasis added). Although the *Burk Holding* case did not deal specifically with an arbitration clause issue, it is instructive regarding the Court's reasoning regarding the appropriate applicability of La. R.S. § 22:868 for insurance companies that are surplus line carriers and insurance policies that contain arbitration clauses.

Finally, on January 31, 2023, just over a month ago, the yet another decision was rendered confirming this caveat to the application of La. R.S. § 22:868 to surplus line policies:

> [A]lthough La. R.S. 22:868(A)(2) generally prohibits insurance contracts from including arbitration clauses that deprive Louisiana courts of jurisdiction or venue over any action against an insurer; the statute does not apply to surplus lines insurance policies.

*Parish of St. Charles v. HDI Global Specialty SE, et al.*, 2023 U.S. Dist. LEXIS 16481, at * 30 (E.D. La. January 31, 2023) (*citing Belmont Commons* at *3, *supra*).

It is thus noted that Louisiana has recognized surplus line carriers as exempt from the requirements of La. R.S § 22:868. As such, Defendant seeks to enforce the valid arbitration clause in the Policy between the parties.

Defendant anticipates that Plaintiff may argue that Defendant has waived its right to demand arbitration. Such a position, however, is not consistent with Louisiana case law. Louisiana Courts have made it clear that waiver is an extremely high burden to prove, and Louisiana has a strong public policy that favors the enforcement of arbitration clauses. *Integrity Flooring, LLC v. Mid South Constrs., LLC*, 857 So. 2d 582, 585 (La. App. 1 Cir. 2003). It has been held that only in extreme cases should a court find that a party has waived its right to arbitration. *Id.* (*citing Mathews-McCracken Rutland Corp. v. City of Plaquemine*, 414 So. 2d 756, 757 (La. 1982)). Waiver of arbitration is not a favored finding, and there is a presumption against waiver. *Id.* The fact that a party sought relief from the court before demanding arbitration is not determinative of whether the right to demand arbitration is waived. *Id.*

Beyond the jurisdictional limits of Louisiana, The United States Supreme Court has held that waiver "is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733(1993). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). "Waiver of arbitration is not a favored finding, and there is a presumption against it." *Id.* The party seeking to show waiver bears the heavy burden of proof. *Broussard v. First Tower Loan, LLC*, 150 F. Supp. 3d 709, 725 (E.D.

La. 2015). Furthermore, the Louisiana Supreme Court has held that "R.S. 9:4201 and 4202 mandate that an arbitration provision in a written contract shall be valid and enforceable. *Mathews-McCracken Rutland Corp. v. Plaquemine*, 414 So. 2d 756, 757 (La. 1982). The mere answering of a judicial demand or the delay in filing the demand for arbitration does not constitute a waiver of the right to demand arbitration, especially in the absence of prejudice to the opposing party. *Id.* (*referencing* M. Domke, The Law and Practice of Commercial Arbitration Sec. 19.01 (1968)). Because of the strong policy favoring the right to demand arbitration, a party's otherwise explainable conduct should be construed against waiver of the right. *Id.*

In one federal case where the Fifth Circuit found that waiver had occurred, the party seeking an order to compel arbitration waited until two weeks before the commencement of trial. *Precision Builders, Inc. v. Olympic Group, LLC*, 642 Fed. Appx. 395, 400 (5th Cir. 2016). However, the defendant in *Precision* also filed a motion to dismiss, then filed an answer and counterclaim. When the plaintiff subsequently amended its complaint, the defendant answered the amended complaint. In every one of the pleadings, the defendant failed to mention arbitration. *Id.* It was not until two weeks prior to the start of the scheduled trial that the defendant even hinted at arbitration. *Id.* The present case is easily distinguishable from *Precision*. There has been only very limited discovery in this matter to date, and any limited discovery that has occurred will be useful to both parties in an arbitration proceeding.

## ARGUMENT

Due to the new line of cases that have been decided in Louisiana Courts since the start of the year, it is apparent that Defendant can seek enforcement of the valid arbitration clause contained in the Policy. Defendant ISIC is a Surplus Line Carrier, as evidenced by Exhibit B – Louisiana Department of Insurance, List of Surplus Line Carriers. The recent case law makes it

clear that surplus line carriers, such as Defendant ISIC, are not bound by the confinements of La. R.S. § 22:868.

According to long-standing Louisiana state law, courts must compel arbitration if there exists a valid arbitration agreement that is not subject to La. R.S. § 22:868. As identified in the cases referenced above, there is a presumption against waiver of the right to arbitrate. Defendant has not waived its right to demand arbitration simply by responding to Plaintiff's complaint. In the instant matter, there is no prejudice to Plaintiff. Plaintiff has no grounds to oppose arbitration. Additionally, Plaintiff is equitably estopped from opposing arbitration.

An order compelling arbitration would free up valuable judicial resources and time. In the interests of judicial economy, the court should grant the present motion and order this case to arbitration.

**Wherefore,** Defendant Independent Specialty Insurance Company prays that this Court issue an Order compelling arbitration and staying these proceedings.

This the 10th day of March, 2023          Respectfully submitted,

By: */s/ Adrien R. Lorrain*
Adrien R. Lorrain (La. Bar No. 37494)
Rebecca J. Mansell (*PHV* - MS #9778)
Rolfes Henry Co., LPA
2113 Government Street
Suite H-2
Ocean Springs, Mississippi 39564
Telephone: (228) 207-1366
E: rmansell@rolfeshenry.com
E: alorrain@rolfeshenry.com
E: ctiblier@rolfeshenry.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing *Memorandum in Support of Motion to Compel Arbitration and Stay Litigation* has been served via email on counsel for all parties at the email addresses below or has been served by the Court's e-filing system on all counsel of record, on this 10th day of March, 2023.

>/s/ *Adrien R. Lorrain*
>Adrien R. Lorrain